# CIRCUIT COURT OF THE CITY OF NORFOLK

Southern Bank
and Trust Co.

v.

Ramesh C. Joshi
and Ramesh Joshi,
C.P.A., P.L.L.C.

April 20, 2015

Case No. (Civil) CL14-5435

By Judge John R. Doyle, III

This matter is before the Court on Plaintiff's Motion for Summary Judgment. The motion was argued before the Court this morning. The parties agree that there are no issues of fact. Plaintiff, Southern Bank, holds a judgment against Ramesh C. Joshi and seeks a charging order against his interest in an accounting Professional Limited Liability Company (PLLC) under Virginia Code § 13.1-1041.1.

The only issue before the Court is the legal question of whether the provisions of Virginia Code § 13.1-1041.1 apply to a PLLC and, more specifically, whether the Court can enter a charging order pursuant to Virginia Code § 13.1-1041.1 against a member of a PLLC on behalf of a creditor who is not a member of the profession engaged in by the PLLC.

Virginia Code § 13.1-1101.1 states in pertinent part, "Unless otherwise prohibited by law or regulation, the professional services defined in subsection A of 13.1-1102 may be rendered in this Commonwealth by 1. *A limited liability company organized* as a professional limited liability company pursuant to the provisions of this chapter... ." (Emphasis added.)

Virginia Code § 13.1-1102 defines a Professional Limited Liability Company in pertinent part as "*a limited liability company* whose articles of organization set forth a sole and specific purpose permitted by this chapter... ." (Emphasis added.)

Thus, a PLLC is defined as a Limited Liability Company. PLLC's are a subset of Limited Liability Companies with specific limitations. The question becomes whether any of these unique rules regarding PLLC's affect the application of § 13.1-1041.1 to a PLLC.

The Defendant points to Virginia Code § 13.1-1115 as restricting the transfer of membership interests in a PLLC in ways that separate and distinguish a PLLC from an LLC in this regard. The Defendant argues that this makes sense in that the General Assembly desired no "outside" interference in the management and function of a PLLC by persons not engaged in the specific profession. This argument is belied by the provisions of Virginia Code § 13.1-1038 ("the only transferable interest of a member in the limited liability company is the member's share of the profits and losses of the limited liability company and the member's right to receive distributions"); § 13.1-1039(A) ("Except as provided in Subsection A of 13.1-1040, an assignment does not entitle the assignee to participate in the management and affairs of the limited liability company or to become or to exercise any rights of a member."); and § 13.1-1041.1 itself, which affords the judgment creditor "only the right to receive any distribution or distributions to which the judgment debtor would otherwise have been entitled in respect of the interests."

Additionally, Defendant's argument would afford to a member of a PLLC a special protection from creditors that has absolutely no rational basis under the statutory scheme creating PLLC's. It also would provide a nonsensical scenario under which a creditor who was a member of the same profession as the PLLC could utilize the provisions of § 13.1-1041.1, but a creditor who was not a member of that profession could not. The financial benefit provided to a creditor under § 13.1-1041.1 has no connection to such a distinction. The scenario advanced by the Defendant would induce such creditors to join league with a member of the particular profession in order to avail itself of § 13.1-1041.1, a machination that surely has no logical statutory purpose.

The Court thus holds that the provisions of Virginia Code § 13.1-1041.1 do apply to a PLLC and grants the Plaintiff's Motion for Summary Judgment.